**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 21, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP1930-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2015CF356

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

DANIELLE ROSE MELBY,

  DEFENDANT-APPELLANT.

        APPEAL from a judgment and an order of the circuit court for Monroe County:  MARK L. GOODMAN, Judge.  *Affirmed*.

        Before Fitzpatrick, P.J., Blanchard and Graham, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Danielle Melby appeals a judgment of conviction for homicide by intoxicated use of a vehicle.  She also appeals the circuit court's order denying her motion for postconviction relief.

¶2     The homicide charge against Melby arose out of an auto accident in which her boyfriend was killed as a result of Melby's intoxicated driving.  Melby pled no contest to the charge.  The circuit court sentenced Melby to a seven-year prison term consisting of three years of initial confinement and four years of extended supervision.   In her postconviction motion, Melby argued that her sentence was based on inaccurate information and that there was a new factor justifying sentence modification.  The circuit court denied the motion.  Melby renews these same arguments on appeal.  We affirm.

*Inaccurate Information*

¶3     Melby first argues that she is entitled to resentencing because she was sentenced based on inaccurate information relating to the treatment she previously received and the treatment available in prison.  For the following reasons, we disagree that Melby is entitled to resentencing on this basis.

¶4     "A defendant has a constitutionally protected due process right to be sentenced upon accurate information," and "[w]hether a defendant has been denied this due process right is a constitutional issue that an appellate court reviews de novo."  *State v. Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1.  "A defendant who requests resentencing due to the circuit court's use of inaccurate information at the sentencing hearing 'must show both that the information was inaccurate and that the court actually relied on the inaccurate information in the sentencing.'"  *Id.*, ¶26 (quoted sources omitted).  "A reviewing court must independently review the record of the sentencing hearing to determine

the existence of any actual reliance on inaccurate information." ***State v. Travis***, 2013 WI 38, ¶48, 347 Wis. 2d 142, 832 N.W.2d 491. "A circuit court's after-the-fact assertion of non-reliance on allegedly inaccurate information is not dispositive of the issue of actual reliance." ***Id.***

¶5 The defendant's showing of actual reliance must be by clear and convincing evidence. ***Id.***, ¶22. If the defendant makes that showing, "the burden then shifts to the State to prove the error was harmless." ***Id.***, ¶23. "The State can meet its burden to prove harmless error by demonstrating that the sentencing court would have imposed the same sentence absent the error." ***Id.***, ¶73.

¶6 Melby contends that, when the circuit court sentenced her, it relied on two erroneous beliefs:

(1) that Melby had previously received only sixteen days of treatment that was solely AODA treatment, when in fact she had received 86 days of treatment that included "dual diagnosis" treatment (meaning treatment that included mental health-related treatment in addition to AODA treatment); and

(2) that dual diagnosis treatment would be available to Melby in prison, when in fact no treatment programs have been available to her in prison.

¶7 As to the treatment Melby previously received, Melby points to statements the circuit court made at sentencing referring to sixteen days that Melby spent in a treatment program that introduced her to AA, as well as to statements about Melby's need for dual diagnosis treatment. Melby argues that

these statements show that the court believed she had received only sixteen days of AODA treatment and no dual diagnosis treatment.

¶8    We disagree and instead agree with the State that Melby fails to show by clear and convincing evidence that the circuit court relied on inaccurate information about Melby's previous treatment. The court's reference to the sixteen days of treatment does not clearly demonstrate that the court believed those sixteen days were the *only* treatment that Melby previously received. Similarly, the court's references to Melby's need for dual diagnosis treatment do not clearly show that the court believed that Melby had received no dual diagnosis treatment previously. In short, the fact that the court expressly acknowledged only some of Melby's previous treatment does not clearly show that the court relied on an erroneous belief about the extent or nature of that treatment.

¶9    Melby's argument to the contrary is, in effect, speculation that the circuit court's remarks might be interpreted to reflect inaccurate beliefs about her previous treatment. Melby's speculation is not enough, particularly considering that the court expressly stated at sentencing that it "carefully considered the PSI," which included a description of the additional treatment that Melby previously received.

¶10    As to the availability of dual diagnosis treatment in prison, Melby points again to the circuit court's statements at sentencing that Melby needed such treatment. Melby also points to a statement by the court that her sentence was "an appropriate length of sentence because the Department of Corrections will offer" dual diagnosis treatment. The State does not dispute that such treatment has not been available to Melby in prison.

4

¶11 We will assume without deciding that Melby has met her burden to demonstrate that the circuit court relied on inaccurate information about the treatment available to Melby in prison. Even so, we conclude that the State has met its burden to show that this assumed error was harmless.

¶12 As the State points out, the circuit court's other sentencing remarks show that the court imposed Melby's sentence based not on the availability of treatment but instead on the gravity of her offense, the court's determination that a lesser sentence would unduly diminish its seriousness, and the need for deterrence. The court stated: "This is the appropriate length of sentence because your drunkenness took the life of your then boyfriend. It is the appropriate length of sentence because anything shorter would diminish the value of the life that [he] lived." The court cited statistics on intoxicated driving deaths in Wisconsin and stated that "the public needs to be reminded that those who kill someone because of intoxicated use of a motor vehicle, they do need to go to prison." Additionally, the court stated that Melby could receive dual diagnosis treatment *outside* of prison as well as inside of prison. This statement shows that the court did not impose sentence based on a belief that the sentence was necessary for Melby to receive such treatment.

¶13 When we consider the circuit court's sentencing remarks as a whole, we are satisfied that the court would have imposed the same sentence regardless of whether the court believed that dual diagnosis treatment was available to Melby in prison. Accordingly, we conclude that any error the court made in relying on inaccurate information about the treatment available in prison was harmless.

*New Factor*

¶14     We turn to Melby's new factor argument.   Melby bases this argument on the same underlying assertions regarding the circuit court's beliefs at the time of sentencing in regard to Melby's previous treatment and the treatment available in prison.

¶15     "Deciding a motion for sentence modification based on a new factor is a two-step inquiry."  ***State v. Harbor***, 2011 WI 28, ¶36, 333 Wis. 2d 53, 797 N.W.2d 828.  First, "[t]he defendant has the burden to demonstrate by clear and convincing evidence the existence of a new factor."  ***Id.***  Second, "if a new factor is present, the circuit court determines whether that new factor justifies modification of the sentence."  ***Id.***, ¶37.  "In making that determination, the circuit court exercises its discretion."  ***Id.***  "A court properly exercises its discretion when it logically interprets the facts, applies a proper legal standard, and uses a rational process to reach a reasonable conclusion."  ***State v. Queever***, 2016 WI App 87, ¶12, 372 Wis. 2d 388, 887 N.W.2d 912.

¶16     We will assume without deciding that Melby has shown the existence of a new factor.  Regardless, we agree with the State that the circuit court reasonably determined that sentence modification was not justified.  The court summarized its original sentencing decision and, using reasoning consistent with that decision, the court determined that the same sentence was appropriate regardless of Melby's treatment history, treatment needs, or the availability of treatment in prison.  The court acknowledged that it continued to believe that Melby needed dual diagnosis treatment, but explained:

> [T]his was and continues to be the appropriate length of sentence because her drunkenness took the life of her then-boyfriend ….   It was and continues to be the appropriate

> length of sentence because anything shorter would diminish the value of the life [he] lived. And it was and continues to be the appropriate length of sentence because of Wisconsin's shameful history of far too many citizens being killed annually by intoxicated drivers.

The court concluded that "the circumstances surrounding the unavailability and the nature of the treatment programming in prison do not … entitle [Melby] to resentencing." The circuit court reasonably exercised its discretion.

> *By the Court.*—Judgment and order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).